RECEIVED
DEC 3 0 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SANTIAGO ANGUIANO | DOCKET NO. 1:13-CV-2833; SEC. P |
| VERSUS | JUDGE DRELL |
| ASK-CARLSON | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 filed by Santiago Anguiano. Petitioner is an inmate in the custody of the Bureau of Prisons (BOP) incarcerated at the United States Penitentiary in Pollock, Louisiana (USP-P). He claims that he was denied due process with regard to a disciplinary conviction for which he lost good time credits. He also claims that he was convicted based on "false evidence."

*Factual Background*

On June 13, 2012, Petitioner was given an incident report for the alleged sexual assault of Officer Harris. He was accused of touching his right arm to Harris's breasts. Petitioner alleges that this accusation was false because "officers are equipped with a radio with a body alarm" and "when something of this nature happen[s] it is common that ten to twenty officers will show up to aid the officer." [Doc. #1-2, p.3] He also alleges that the charge was issued in retaliation for Petitioner having an argument with another officer the day before.

*Law and Analysis*

1.  **Due Process**

Prisoners charged with rule violations are entitled to certain due process rights when the disciplinary action may result in a sanction that will impose upon a liberty interest. The inmate is entitled to the following: 1) written notice of the charges at least twenty-four hours prior to the hearing; 2) the right to be present at the hearing; 3) the right to present witnesses and evidence; and 4) the right to receive a written copy of the hearing record. See Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004); Smith v. Rabalais, 659 F.2d 539, 542 (5th Cir. 1981), cert. denied, 455 U.S. 992 (1982). Petitioner concedes that he received notice, was present at the hearing, and received a copy of the report. However, he claims that he was deprived of number 3 – the right to present witnesses and evidence – because the DHO relied only on the statement of the officer. [Doc. #1-2, p.4-5] This argument does not support a claim for lack of due process. The right to present witnesses and evidence has nothing to do with the credibility determinations by the hearing officer or the weight given to evidence. Petitioner does not allege that he was forbidden from calling witnesses or introducing evidence. Rather, his complaint is one of the sufficiency of the evidence.

2.  **Sufficiency of Evidence**

Petitioner asks that this Court "order a full review of these proceedings." [Doc. #1-2, p.5] However, the federal courts cannot retry prison disciplinary disputes. See Smith, 659 F.2d at 545. The court can only consider whether the decision is supported by "some facts" or by "a modicum of evidence." Superintendent v. Hill, 472 U.S. 445, 454-55 (1985); Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001). **The federal court is not required to examine the entire record, independently assess the credibility of witnesses, or weigh the evidence to determine whether there is sufficient evidence to support the factual findings of the disciplinary hearing officer.** See Hill, 472 U.S. at 455. Federal courts do not review a disciplinary hearing officer's factual findings de novo. Instead, the court should consider whether there is *any evidence* that could support the finding. Id. at 455-56.

In this case, the finding of guilt was based on the officer's report and testimony of other inmates that corroborated the officer's statement as to where Petitioner was standing at the time of the alleged offense. Although Petitioner disputes whether those witnesses saw anything at the time in question, the testimony was weighed by the hearing officer, and the testimony of the complaining officer and the other witnesses were determined to be more credible than Petitioner's. An initial investigation report and the charging officer's generalized testimony may constitute "some evidence" supporting a disciplinary hearing finding. See

Smith v. Rabalais, 659 F.2d 539, 546 (5th Cir. 1981), cert. denied 455 U.S. 992 (1982); Rhodes v. Director, 2005 WL 2977770 (The Offense Report, Preliminary Investigation Report, charging officer's testimony, and Disciplinary Hearing Record constitute some evidence supporting the disciplinary hearing findings.). This Court is not permitted to make independent credibility determinations or retry the case.

3. Retaliation

Petitioner claims that the disciplinary charge was brought in retaliation for his argument with an officer the day before the incident. Retaliation claims in the context of habeas corpus review of prison disciplinary hearings are approached with caution. The Fifth Circuit, in addressing such claims, indicated:

> The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.

Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Moreover, in Woods v. Smith, the Fifth Circuit addressed in some detail retaliatory actions stating:

> To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims. To state a claim of retaliation an inmate must **allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident — such as the filing of disciplinary reports as in the case at bar—would not have**

4

> **occurred**. This places a significant burden on the inmate. Mere conclusionary allegations of retaliation will not withstand a summary judgment challenge. The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

60 F.3d at 1166. Petitioner has not identified the violation of a constitutional right that would serve as the object of a retaliation claim. He does not have a constitutional right to argue with an officer. Moreover, nothing about his allegation indicates that, but for his argument the day before, he would not have been charged with or found guilty of Code 229 – "Sexual assault of any person, involving non-consensual touching without force or threat of force."

### *Conclusion*

The Court has given Anguiano's petition preliminary consideration pursuant to 28 U.S.C. § 2243[1] and Rule 4 of the Rules Governing §2254 Cases in the United States District Courts,[2] which is applicable to §2241 petitions under Rule 1(b).[3] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any

---

[1] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[3] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

attached exhibits that the petitioner is not entitled to relief."[4] Such is the case in the captioned matter.

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED with prejudice.**

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

---

[4] Id. at PROC. R. 4.

THUS DONE AND SIGNED, in Alexandria, Louisiana, this 30th day of December, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE